(76 South. 924)

PARKER v. SLOSS–SHEFFIELD STEEL & IRON CO. (6 Div. 467.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. MASTER AND SERVANT ⟷88(2)—OPERATION OF COAL MINE BY CONVICTS—DUTY OF MINING ENGINEER.

Where a contract between a mining company and the state for the working of a mine by convicts provided that the state should have entire charge and control of the convicts, who should be worked under mine foremen or pit bosses to be selected, controlled, and paid by the state, that the mine was to be worked according to the plans of the company's mining engineer, and under his direction, etc., and that the mine foremen and pit bosses were to see that the mine was worked by the convicts according to the directions given by the company's mining engineer, such engineer was not charged with any duty to inspect the mine during operation to prevent or remedy dangerous conditions of entries and roofs arising from time to time from the operation of the miners in removing the coal.

2. MASTER AND SERVANT ⟷88(2)—LIABILITY—INJURY TO CONVICT IN MINE.

A convict working in a coal mine pursuant to contract between the state and mining company for its operation by convicts, and injured on account of the failure of the state's servant expressly charged with the duty to discover a dangerous condition of overhanging rock from the removal of supporting coal, and to prop it suitably, could not recover from the mining company on the ground that the mine was in charge of its engineer, etc.

3. MASTER AND SERVANT ⟷88(2)—INJURIES TO CONVICT—ACTION—PROOF.

Where a convict, working in a coal mine pursuant to contract between the state and the mining company, and injured therein, sued the mining company on the ground that its fire boss negligently failed to perform his duty to mark dangerous places, the convict could recover only on proof that such was in fact the duty of the fire boss.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by George Parker against the Sloss-Sheffield Steel & Iron Company for damages for personal injury. From judgment for defendant, plaintiff appeals. Affirmed.

———

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The complaint as submitted to the jury was in two counts. Both counts charge, and the evidence shows, that plaintiff was a state convict, and was working in defendant's mine under a contract between defendant and the state, and while so working was injured by a rock falling from the roof of the mine. Count 2 charges that said mine was, under said contract, in charge of defendant's engineer, whose duty it was to direct the operation of the mine, and to, use reasonable care to so direct it as to render reasonably safe the place wherein plaintiff was being worked, and that said engineer negligently omitted to do so, and thereby caused plaintiff's injury. Count 4 charges that the defendants had a servant, known as the fire boss, whose duty it was to inspect and mark with chalk rooms or places as dangerous within or near to which the plaintiff and other convicts might be caused to work, and that his negligent failure to do so, or to so mark the place where plaintiff was injured, proximately caused his injury. The written contract between state and defendant contains the following pertinent provisions in substance: (1) That the state should have entire charge and control of the convicts; (2) the convicts were to be worked under mine foremen or pit bosses to be selected, controlled, and paid by the state; (3) the mines were to be worked according to the plans and specifications of defendant's mining engineer, and under and subject to his direction and supervision, who shall have the power and authority to direct the dimensions and locations of all entries, narrow workrooms, pillars, or supports, and all dead work to be done therein, and all other matters of every character pertaining to the development of said mine, and to their conservation and well-being; and (4) the mine foreman and pit bosses were to see that said mines were worked by said convicts according to the plans and directions and specifications made and given by defendant's mining engineer. On this evidence the court directed a verdict for defendant.

John W. Altman, of Birmingham, for appellant. Tillman, Bradley & Morrow and L. C. Leadbeater, all of Birmingham, for appellee.

SOMERVILLE, J. [1, 2] Plaintiff was not entitled to recover under the second count. Under any rational construction of the contract between defendant and the state defendants' mining engineer was not charged with any duty of inspecting the mines during the progress of mining operations for the purpose of preventing or remedying dangerous conditions of entries and roofs arising from time to time from the operations of the miners in removing the coal. Plaintiff's injury was unquestionably due to the failure of the state's servants expressly charged with that duty to discover the dangerous condition of the overhanging rock, resulting from the removal by mining of the supporting coal, and to suitably prop it as the work progressed. Ephemeral conditions thus resulting were, of course and of necessity, left to the foreman and bosses provided by the state, both for detection and correction, and with them the engineer had nothing whatever to do. Nor does it in any wise appear that the engineer was guilty of any want of skill or care in the plans,*specifications, or directions furnished by him to the state's bosses who were in charge of the mining, by reason of which the mine was made unsafe for plaintiff to work in.

[3] Under the fourth count plaintiff could recover, if at all, only upon proof that it was the duty of defendants' fire boss, Davis, to examine the entries for loose or dangerous rock, and to warn plaintiff of its presence. The undisputed evidence is that the only duty of the fire boss was to inspect for the presence of explosive gas, and post or make verbal warnings of its presence, and to look out for proper ventilation. He had no duty to perform with respect to loose rock, or other conditions of the mine. It is true that plaintiff stated that on one occasion Davis wrote on a rock a warning to Russell, the state's mine foreman, to keep his men out of a room because it was falling in. But this gratuitous act has no tendency to contradict the other evidence, nor to show that Davis, with the knowledge of defendant, had undertaken to discharge that duty, and that the miners relied on him to do so. What Davis in fact regularly did is described by plaintiff, viz.:

"If it was not all right, he would say, 'Keep out,' or 'Brush out,' if there was a little gas."

And plaintiff expressly states that the pit bosses employed by the state inspected the roof for loose rock, and looked after and directed the setting of timbers for support.

Under the evidence before the court, the trial judge could not do otherwise than give the general affirmative charge for defendant as requested.

No other error being assigned for reversal, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.